UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RODGERICK SEAN BOOTH #188768, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-cv-121 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| UNKNOWN RUTTER, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Rodgerick Sean Booth, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Deputy Warden Unknown Rutter, Case Manager Unknown Salo, Warden David Bergh, and Director of Prisoner Affairs Jim Armstrong. Plaintiff alleges that Defendants Rutter and Salo placed him in administrative segregation after the facility that transferred him to LMF waived Plaintiff's detention status. Plaintiff states that Defendants Bergh and Armstrong refused to "curb" the actions of Defendants Rutter and Salo. Plaintiff claims that Defendants' conduct violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks compensatory damages and injunctive relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff contends that he has been placed in segregation in violation of MDOC policy. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 910, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Plaintiff has failed to make any allegations which that his segregation is "atypical and significant." Consequently, the court concludes that no liberty interest is implicated by his placement.

To the extent Plaintiff attempts to bring a claim under the Eighth Amendment, his claim fails. The mere fact that Plaintiff was placed in segregation, with nothing more, is insufficient to state an Eighth Amendment claim. *See Lacey v. Michigan Dep't of Corr.*, No. 95-1097, 1995 WL 564301 (6th Cir. Sept. 21, 1995) (placement in detention did not violate Eighth Amendment); *Eaddy v. Foltz*, No. 85-1419, 1985 WL 14065 (6th Cir. Dec. 18, 1985) (whether an Eighth Amendment claim is stated for placement in segregation depends upon severity or pervasiveness of conditions).

Plaintiff has not alleged that his detention was more severe than the typical conditions of segregation. Accordingly, the court finds that Plaintiff fails to state a claim under the Eighth Amendment.

Plaintiff's equal protection and conspiracy claims amount to no more than broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration. *See*, e.g., *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985); *Johnson v. Stark*, 717 F.2d 1550 (8th Cir. 1983).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:      July 11, 2006             /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE